# UNITED STATES COURT OF APPEALS

Filed 6/25/96

## TENTH CIRCUIT

RICK G. JOURNEY,

  Plaintiff-Appellant,

v.

STEVE SMITH, JAMES GENTRO,
COLORADO DEPARTMENT OF
CORRECTIONS, JUNIPER VALLEY
INC. ADMINISTRATION
MARKETING, ARISTEDES
ZAVARAS,

  Defendants-Appellees.

No. 95-1531
(D.C. No. 95-S-2757)
(Dist. Colo.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

The cause is therefore ordered submitted without oral argument.

Mr. Rick G. Journey filed this pro se action pursuant to 42 U.S.C. § 1983, alleging defendants Steve Smith, James Gentro, Colorado Department of Corrections, Juniper Valley, Inc., and Aristedes Zavaras deprived him of his Eighth Amendment right against cruel and unusual punishment, and Fourteenth Amendment rights to due process and equal protection. Mr. Journey alleged that during his incarceration, he severed a third of his left middle finger while working on a table saw. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(d). Mr. Journey appeals,[1] and we affirm.

Mr. Journey contends the defendants' negligent failure to (1) implement and enforce adequate safety standards and (2) provide proper guards on the table saw constituted cruel and unusual punishment and a denial of due process. Negligence alone does not constitute cruel and unusual punishment. "After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Ingraham v. Wright, 430 U.S. 651, 670 (1977) (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976). Further, "negligent acts by state

---

[1] The district court granted *in forma pauperis* status to Mr. Journey for appeal purposes.

officials are not actionable under the Due Process Clause." Daniels v. Williams, 474 U.S. 327, 330 (1986). We agree with the district court that Mr. Journey does not allege actions which constitute cruel and unusual punishment or a denial of due process.

Mr. Journey also contends defendants' failure to comply with OSHA regulations or to cover him with Workmen's Compensation constituted a denial of equal protection when compared to non-inmates. Because Mr. Journey does not allege that defendants treated him differently based on a suspect classification, he must establish that the distinction between himself and non-inmates was not reasonably related to some penological purpose. See Templeman v. Gunter, 16 F.3d 367, 371 (10th Cir. 1994)(citing Turner v. Safley, 482 U.S. 78, 89 (1987)). While we sympathize with Mr. Journey's loss, we agree with the district court that Mr. Journey does not allege actions which violate the Constitution.[2]

---

[2] We decline to consider facts and issues Mr. Journey raises for the first time on appeal. See Oyler v. Allenbrand, 23 F.3d 292, 299 n.8 (10th Cir. 1994).

We therefore **AFFIRM** substantially for the reasons given by the district court. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge